# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CELISHA TOWERS, **Plaintiff,** v. WYANDOTTE COUNTY SHERIFF'S OFFICE, et al., **Defendants.** | Case No. 17-CV-2615-JAR-GLR |

## MEMORANDUM AND ORDER

Plaintiff Celisha Towers brings this action, pro se, alleging employment discrimination claims under Title VII of the Civil Rights Act of 1964 against Defendants Wyandotte County Sheriff Office and Fraternal Order of Police, Wyandotte County Lodge #40 ("FOP"). This matter comes before the Court on Defendant FOP's Motion to Dismiss for Lack of Prosecution (Doc. 23). This matter is fully briefed and the Court is prepared to rule. For the reasons explained below, Defendant's motion is denied.

## I.   Procedural Background

Plaintiff filed her Complaint on October 23, 2017, and she served it and a summons on Defendant on December 26, 2017. The Court initially set February 15, 2018 as Plaintiff's deadline to submit Rule 26(a) initial disclosures to Defendant. The Court also set February 15, 2018 as the deadline for Plaintiff to submit the report of the parties' planning meeting. On February 15, 2018, Plaintiff filed a Motion to Stay Federal Trial Proceedings While Plaintiff has Extension to Hire an Attorney.[1] Defendant did not oppose the motion. The Court granted

---

[1]Doc. 15.

Plaintiff's motion, and re-set the deadline for serving Rule 26(a) initial disclosures and filing the report of parties' planning meeting for June 26, 2018.

No attorney entered their appearance on behalf of Plaintiff. On July 3, 2018, Defendant filed the instant motion to dismiss for lack of prosecution, in which it claimed Plaintiff had not served her initial disclosures on Defendant and had not communicated with Defendant regarding the parties' planning conference. Plaintiff responded to the motion on July 9, 2018, arguing that she had already "filed her Rule 26 Initial Disclosures Ordered by the Court through the Courts [sic] filing system with the Clerk of Court," and that she had participated in the parties' planning meeting on July 9, 2018.[2] On July 10, 2018, United States Magistrate Judge Gerald Rushfelt held a scheduling conference, in which Plaintiff participated. Following the conference, Judge Rushfelt entered a Scheduling Order, which re-set the deadline for exchange of initial disclosures for July 13, 2018.[3]

## II. Discussion

Under Fed. R. Civ. P. 41(b), a court may dismiss an action or claim "if the plaintiff fails to prosecute" or comply with rules of procedure or court orders. Courts have considerable discretion to sanction a party for failing to prosecute, defend a case, or comply with federal rules or court orders.[4] These sanctions may include dismissal of a party's case with prejudice or entry of a judgment against the party.[5] "But dismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction

---

[2] Doc. 25 at 2.
[3] Doc. 30.
[4] *Reed v. Bennett*, 312 F. 3d 1190, 1195 (10th Cir. 2002).
[5] *Id.* (citing *Hancock v. City of Okla. City,* 857 F.2d 1394, 1396 (10th Cir.1988)).

2

would not serve the ends of justice.'"[6] Thus, in determining whether dismissal is an appropriate sanction, the Court must consider the following factors: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant.[7] "Only when these aggravating factors outweigh[ ] the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction."[8]

The Court finds that the factors described above do not outweigh the strong presumption against dismissal with prejudice. First, the degree of prejudice to Defendant is slight. Defendant filed its motion to dismiss on July 3, 2018, about a week after Plaintiff had missed her June 26, 2018 initial disclosure deadline. There are no rigid time limits that govern dismissals under Rule 41(b), and courts must consider all the circumstances in each case to determine whether there has been a failure to prosecute that is sufficiently serious to justify the drastic sanction of involuntary dismissal under the rule.[9] Here, Plaintiff's delay in submitting her initial disclosures is not sufficiently serious to justify dismissal. After Defendant filed its motion to dismiss, Plaintiff responded on July 9, 2018, asserting that she had submitted her initial disclosures and had participated in a planning conference with Defendant. Furthermore, Plaintiff participated in the Court's scheduling conference, during which the Court re-set the initial disclosure deadline for July 13, 2018. Given Plaintiff's assertion that she previously submitted her initial disclosures (within the timeframe set by the Court's Scheduling Order), and Plaintiff's

---

[6]*Id.* (quoting *Hancock*, 857 F.2d at 1396).

[7]*Id.* (citing *Hancock*, 857 F.2d at 1396).

[8]*Id.* (quoting *Hancock*, 857 F.2d at 1396).

[9]9 Charles Alan Wright, Arthur P. Miller, & Edward H. Cooper, Federal Practice & Procedure § 2370 (3d ed. 1998).

participation in the scheduling conference, the Court finds that the prejudice to Defendant is minimal.

Additionally, Plaintiff's delay in filing her initial disclosures has not interfered with the judicial process. As explained above, Plaintiff participated in the scheduling conference, and she has apparently submitted initial disclosures to Defendant. Finally, Plaintiff's low level of culpability suggests that dismissal is not appropriate here. Before the original initial disclosure deadline passed on February 15, 2018, Plaintiff moved to stay this case while she searched for an attorney. This motion resulted in an extension of the initial disclosure deadline to June 26, 2018. Although Plaintiff missed this deadline (which was later extended to July 13, 2018 by operation of the Scheduling Order), she timely responded to Defendant's motion and appears to have submitted her initial disclosures.

In sum, the factors described above do not weigh in favor of dismissal. Plaintiff has responded to Defendant's motion, has participated in the Scheduling Conference, and has apparently submitted her initial disclosures. For these reasons, the Court denies Defendant's motion to dismiss for lack of prosecution.

The Court notes that under D. Kan. Rule 26(a), initial disclosures "must be served upon other attorneys or unrepresented parties, but not filed with the clerk." At the time of service of the initial disclosures, the serving party must "file with the clerk a certificate of service stating the type of disclosure or discovery or response served, the date and type of service, and the party served."[10] In her response to Defendant's motion, Plaintiff states that she filed her initial disclosures with the Court. Plaintiff is reminded that she must serve her initial disclosures on Defendant, rather than filing them with the Court. Additionally, Plaintiff must file a certificate

---

[10] D. Kan. Rule 26(c).

of service with the Court, which does not appear to have been filed.  Accordingly, the Court orders Plaintiff to serve her initial disclosures on Defendant and file her certificate of service of these disclosures with the Court by no later than Friday, August 31, 2018.  If Plaintiff fails to timely serve and file these documents, this suit may be subject to dismissal.

**IT IS THEREFORE ORDERED BY THE COURT** that Fraternal Order of Police, Wyandotte County Lodge #40's Motion to Dismiss for Lack of Prosecution (Doc. 23) is **denied**. Plaintiff shall serve her Rule 26(a) initial disclosures on Defendant and file her certificate of service of these disclosures with the Court **by no later than Friday, August 31, 2018**.

**IT IS SO ORDERED.**

Dated: August 20, 2018

> S/ Julie A. Robinson
> JULIE A. ROBINSON
> CHIEF UNITED STATES DISTRICT JUDGE