# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CELISHA S. TOWERS,

    **Plaintiff,**

    v.

WYANDOTTE COUNTY SHERIFF'S
OFFICE, ET AL.,

    **Defendants.**

Case No. 17-CV-02615-JAR-TJJ

## MEMORANDUM AND ORDER

Before the Court is *pro se* Plaintiff Celisha S. Towers' Motion for Extension to Respond to Motion of Enforcement of Settlement by Defendant Fraternal Order of Police (Doc. 38). Although Plaintiff filed her motion as a motion for an extension of time to respond, the Court construes it as a motion for leave to file out of time under D. Kan. Rule 7.4(b) and Fed. R. Civ. P. 6(b)(1)(B). In her motion, Plaintiff indicates that she thought she was permitted twenty-one days to respond to Defendant's motion, but after completing research learned she was mistaken and that she had only fourteen days to file a response. Plaintiff notes that she understands court deadlines are mandatory. Defendant Fraternal Order of Police opposes Plaintiff's motion.[1] For the reasons set forth below, the Court grants Plaintiff's motion.

Under D. Kan. Rule 6.1(a), a party seeking an extension of time to respond to a motion must file a motion "before the specified time expires. Absent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires." Similarly, D. Kan. Rule 7.4(b) provides that "[a]bsent excusable neglect, a party or attorney who fails to file a

---

[1] Doc. 45.

responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum." Under Fed. R. Civ. P. 6(b)(1)(B), the Court may, for good cause, extend the time to respond "on motion made after the time has expired if the party failed to act because of excusable neglect."

Excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.[2] On the other hand, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."[3] The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission,"[4] including four specific factors: "[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."[5] Perhaps the single most important factor in determining whether neglect is excusable is fault in the delay.[6] Whether the moving party's underlying claim is meritorious should also be taken into consideration.[7] Further, "[a] court may take into account whether the mistake was a single unintentional incident (as opposed to a pattern of deliberate dilatoriness and delay), and whether the attorney attempted to correct his action promptly after discovering the mistake."[8]

---

[2] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380, 391–92 (1993).

[3] *Id.* at 392.

[4] *Id.* at 395; *see also Bishop v. Corsentino*, 371 F.3d 1203, 1206–07 (10th Cir. 2004).

[5] *Pioneer*, 507 U.S. at 394–95; *see also Bishop*, 371 F.3d at 1206–07.

[6] *Jennings v. Rivers*, 394 F.3d 850, 856 n.5 (10th Cir. 2005) (citing *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

[7] *Id.* at 857 (citing *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444–45 (10th Cir. 1983)).

[8] *Id.* (citing *Hancock v. Okla. City*, 857 F.2d 1394, 1396 (10th Cir. 1988)).

Applying the *Pioneer* factors, the court finds that Plaintiff has established excusable neglect. First, the Court finds that Plaintiff's delay has not prejudiced Defendant. Plaintiff's motion was filed within five days of her deadline[9] for opposing Defendant's motion and does not impact Defendant's ability to defend itself in this action, especially as Defendant is urging the Court to enforce a settlement agreement between the parties.

Similarly, the second factor, which considers the length of the delay and its impact on judicial proceedings, also weighs in favor granting Plaintiff's motion. As Plaintiff has already prepared her response to Defendant's motion to enforce the settlement agreement, a five-day delay in filing will not meaningfully impact the course of the proceedings in this case.

Regarding the third factor—the reason for delay, including whether it was within the reasonable control of the movant—Plaintiff states that the reason for her delay is that she believed she had twenty-one days to respond to Defendant's motion, and learned that she had only fourteen days while doing research. While nothing indicates that the delay was intentional, Plaintiff was in reasonable control of the timing of her motion. Although the Court does not condone Plaintiff's failure to familiarize herself with the local rules, it does consider her status as a *pro se* plaintiff. Moreover, in this situation involving a motion to enforce a settlement, it was understandable that Plaintiff confused whether the fourteen-day or twenty-one-day response deadline in D. Kan. Rule 6.1(d) applied to her filing. While the strict reading of D. Kan. Rule 6.1(d)(1) dictates that a fourteen-day response deadline applies to a motion to enforce a settlement as it is a "motion[] other than [a] motion[] to dismiss, motion[] for summary judgment, motion[] to remand, or motion[] for judgment on the pleadings, " a motion to enforce

---

[9]Under D. Kan. Rule 6.1(d), the deadline for Plaintiff to file her response to Defendant's motion to enforce the settlement agreement was September 21, 2018, however, Plaintiff did not file her motion for leave to file out of time until September 26, 2018.

a settlement is otherwise clearly dispositive.[10] Therefore, the Court adheres to *Pioneer*'s guidance that there are times when excusable neglect can be found even where there was ignorance of the rules.[11]

The fourth factor of good faith weighs in Plaintiff's favor. Plaintiff acknowledges her understanding that deadlines are mandatory, and there is nothing in the record to suggest bad faith. Plaintiff promptly filed her motion shortly after discovering her deadline to file was fourteen days and not twenty-one days, and she filed her motion for leave to file out of time before the expiration of the twenty-one-day response deadline she initially believed applied.

Defendant argues that Plaintiff erroneously states that she "has met every deadline to date" because the Court found that Plaintiff did not timely comply with Rule 26 in its August 20, 2018 Memorandum and Order denying Defendant's motion to dismiss for lack of prosecution, and that Plaintiff therefore did not bring her current motion in good faith.[12] In its August 20 ruling, the Court ordered that Plaintiff file her Rule 26(a) disclosures by no later than Friday, August 31, 2018,[13] and Plaintiff complied with this order, filing a certificate of service of her Rule 26(a) disclosures on August 27, 2018.[14] Therefore, Plaintiff's initial non-compliance with Rule 26 does not prevent the Court from finding that Plaintiff acted in good faith in filing her motion for leave to file out of time in this instance.

---

[10]*See Pierce v. PrimeRevenue, Inc.*, No. 17-2233-JWB, 2018 WL 4749331, at *3 (D. Kan. Oct. 2, 2018) (treating a motion to enforce the parties' settlement agreement as dispositive, and applying and enforcing the twenty-one-day response deadline in D. Kan. Rule 6.1(d)); *Smith v. Via Christi and Assocs.*, No. 17-1270-JWB, 2018 WL 3008504, at *2 (D. Kan. June 15, 2018) (same).

[11]*Pioneer*, 507 U.S. at 392.

[12]Doc. 31.

[13]*Id.*

[14]Doc. 32.

Defendant additionally argues that the Court should deny Plaintiff's motion because there is no merit to Plaintiff's proposed pleading. The Court declines to address this argument at this time, and instead directs Defendant to present its arguments in a reply to Plaintiff's Motion Opposing Enforcement.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Extension to Respond to Motion of Enforcement of Settlement by Fraternal Order of Police (Doc. 38) is granted. The Clerk is directed to file Plaintiff's Motion Opposing Enforcement and Memorandum in Support of Motion Opposing Enforcement, attached as Attachments 1 and 2 to her motion. Defendant is directed to file its Reply to Plaintiff's Motion Opposing Enforcement within fourteen days of the date of this Order.

**IT IS SO ORDERED.**

Dated: October 22, 2018

                                                           S/ Julie A. Robinson
                                                           JULIE A. ROBINSON
                                                           CHIEF UNITED STATES DISTRICT JUDGE